IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

BART WAYNE WOODARD                                                                                      PLAINTIFF

v.                                                  Case No. 6:17-cv-6113

DR. NYNETT VOWELL;[1] REGISTERED
NURSE MORGAN; APN HART; and
LVN ROBINSON                                                                                          DEFENDANTS

# ORDER

Before the Court is the Report and Recommendation filed July 1, 2019, by the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas. ECF No. 31. Judge Bryant recommends that Defendants' Motion for Summary Judgment (ECF No. 21) be granted and all claims dismissed with prejudice. Plaintiff has responded with objections. ECF No. 34. The Court finds the matter ripe for consideration.

Plaintiff is currently incarcerated in the Arkansas Department of Correction ("ADC"), Ouachita River Unit, and files this civil action pursuant to 42 U.S.C. § 1983, alleging several violations of his constitutional rights based on the medical treatment provided for chronic pain related to his hip.[2]

Judge Bryant recommends dismissal of all claims against Defendants Vowell, Morgan, and Robinson based on Plaintiff's failure to exhaust any administrative remedies against these Defendants.[3] "Under the Prison Litigation Reform Act (PLRA), a prisoner who wishes to challenge his conditions of confinement typically must exhaust administrative remedies 'in accordance with the [prison]'s applicable procedural rules" . . . before bringing a lawsuit."

---

[1] Based on documents submitted by Defendants, Defendant Vowell's correct first name is Nanette.
[2] According to Plaintiff, he suffered an injury to his left hip, which required screws and pins for repair and left him with a "small but notable limp." ECF No. 6, p. 2.
[3] Plaintiff states that he "has no objections to dismissing Defendants Morgan and Robinson." ECF No. 24, p. 9.

*Townsend v. Murphy*, 898 F.3d 780, 783 (8th Cir. 2018) (quoting *Woodford v. Ngo*, 548 U.S. 81, 88 (2006)). "'The boundaries of proper exhaustion' depend on the prison's specific administrative requirements." *Id*. (quoting *Ross v. Blake*, ___ U.S. ___, 136 S. Ct. 1850, 1858-59 (2016)).

There is no dispute that Plaintiff properly exhausted only one grievance concerning his claims: OR-17-1092. The ADC's grievance form requires inmates to be specific as to the substance of the issue being grieved and to include the date, place, and personnel involved. Despite these instructions, Plaintiff only named Defendant Hart in OR-17-1092, which stated that Defendant Hart refused to help him with his pain medication and refused to send him to an orthopedist for evaluation. Because Plaintiff failed to include any information about Defendants Vowell, Morgan, or Robinson in his grievance, he did not exhaust his remedies against them.

Plaintiff argues in his objections that he did not understand that he must list each employee involved in the issue being grieved because he was confused about the meaning of the term "personnel" used on the grievance form. While that may be true, his misunderstanding of the prison's grievance process does not excuse a failure to exhaust. *See Gibson v. Weber*, 431 F.3d 339, 341 (8th Cir. 2005). For these reasons, the Court agrees with Judge Bryant's finding that Plaintiff failed to exhaust his administrative remedies against Defendants Vowell, Morgan, and Robinson and failed to exhaust his claim regarding his need for an ambulation assistance device.[4] Thus, the Court will not address Plaintiff's objections related to the substantive claims against Defendants Vowell,[5] Morgan, and Robinson or Plaintiff's claim regarding an ambulation assistance device.

Regarding Plaintiff's deliberate indifference claim against Defendant Hart, Judge Bryant

---

[4] Grievance OR-17-1092, which is the only grievance Plaintiff has exhausted, does not mention any issues regarding an ambulation assistance device.
[5] In his objections, Plaintiff states that "Defendant Vowell is the crux of this suit." ECF No. 34, p. 14. However, the Court cannot address any claims against Defendant Vowell as they have not been exhausted as required by the PLRA.

found that Defendant Hart administered adequate medical treatment and that Plaintiff simply disagreed with Defendant Hart's treatment decisions. In his objections, Plaintiff states that he was denied "meaningful pain management." ECF No. 34, p. 16. This is the same argument he made in his response to Defendants' summary judgment motion. The record before the Court shows frequent adjustments and additions to Plaintiff's pain medication after he requested to be seen by medical staff. It appears that Dr. Hart was attempting to address Plaintiff's pain using non-narcotic pain drugs as requested by Plaintiff. Plaintiff disagrees with the medical prescriptions provided by Defendant Hart for pain management, but there is no evidence in the record to support a finding that Defendant Hart deliberately disregarded Plaintiff's needs by administering inadequate treatment.

Based on its own de novo review, the Court overrules Plaintiff's objections and adopts the Report and Recommendation *in toto*. ECF No. 31. Accordingly, Defendants' Motion for Summary Judgment (ECF No. 21) is **GRANTED**. All claims against Defendants Vowell, Morgan, and Robinson are **DISMISSED WITHOUT PREJUDICE**. Plaintiff's claim regarding an ambulation assistance device is **DISMISSED WITHOUT PREJUDICE**. Plaintiff's claims against Defendant Hart are **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED**, this 16th day of September, 2019.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge